# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Oscar E. V. O.,[1]<br><br>          Petitioner,<br><br>v.<br><br>Pamela Bondi, Kristi Noem, Department of Homeland Security, Todd M. Lyons, Immigration and Customs Enforcement, Daren K. Margolin, Executive Office for Immigration Review, and David Easterwood,<br><br>          Respondents. | Case No. 26-CV-87 (MJD/JFD)<br><br>**REPORT AND RECOMMENDATION** |

Petitioner Oscar E. V. O. has filed a Petition for Writ of Habeas Corpus (Dkt. No. 1), pursuant to 28 U.S.C. § 2241. The petition has been referred to the undersigned for the issuance of a report and recommendation. Petitioner claims he is being denied access to a bond hearing to which he is entitled under 8 U.S.C. § 1226(a). Respondents counter that Petitioner is not eligible for a bond hearing because his detention is mandatory under 8 U.S.C. § 1225(b)(2). For the reasons set forth in *Beltran v. Bondi*, No. 25-04604 (MJD/DTS), 2025 WL 3719856, at *1 (D. Minn. Dec. 23, 2025), the Court recommends that the petition be granted.

---

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in immigration cases.

Petitioner is a citizen of Honduras. (Pet. ¶ 14.) He entered the United States without inspection in 2021. (Pet. ¶ 33.) He was detained by Respondents on December 12, 2025. (Pet. ¶ 35.) Respondents have refused to provide him a bond hearing, citing *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). On the date he filed his petition, Petitioner was held in ICE custody in Minnesota. (Pet. ¶ 13.)

Respondents concede this case is like *Beltran v. Bondi*, No. 25-04604 (MJD/DTS), 2025 WL 3719856, at *1 (D. Minn. Dec. 23, 2025). (Resp'ts' Resp. at 4, Dkt. No. 5.) In *Beltran*, the Honorable Michael J. Davis, who is the United States District Judge assigned to this case, determined that § 1226(a) governs the detention of noncitizens who are already residing in the United States, such as Petitioner—not § 1225(b)(2), which governs the detention of noncitizens seeking admission into the United States. *Beltran*, 2025 WL 3719856, at *3. If seeking admission, a noncitizen is subject to mandatory detention and not entitled to a bond hearing; if already residing in the United States, detention is discretionary, and the noncitizen is entitled to a bond hearing. *Id.*

Respondents have not shown how this case is materially distinguishable from *Beltran*. Thus, it is unlikely that Judge Davis would conclude in this case that the Respondents' position is correct. The Court therefore recommends that the petition be granted. The parties' attention is directed to the shorter than usual deadlines for filing objections to this Report and Recommendation and for filing responses to those objections, set forth in the "Notice" below.

Accordingly, **IT IS HEREBY RECOMMENDED** that:

1. Petitioner Edwin C. R.'s Petition for Writ of Habeas Corpus (Dkt. No. 1) be **GRANTED** insofar as Respondents be ordered to hold a bond hearing under 8 U.S.C. § 1226(a) before an immigration judge in Minnesota within seven days of an order adopting this Report and Recommendation; and

2. If Respondents do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), Petitioner be immediately released from detention.

Dated: January 21, 2026                       *s/ John F. Docherty*
                                              JOHN F. DOCHERTY
                                              United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under D. Minn. LR 72.2(b)(1), "[a] party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served with a copy of the recommended disposition, *unless the court sets a different deadline*." (Emphasis added.) **The Court modifies the deadline such that objections are due on or before January 23, 2026. Responses to objections are due on or before January 26, 2026.** All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).